## Case No. 14,000.

### THORNTON v. STODDERT.

[1 Cranch, C. C. 534.] [1]

Circuit Court, District of Columbia. June 12, 1809.

WITNESS—COMPETENCY—EVIDENCE — MEMORANDA —NOTES—DEMAND OF PAYMENT—WHEN TO BE MADE—NOTICE.

1. The superintendent of the city of Washington, was a competent witness in an action brought in the name of the former commissioners, although all their rights and duties had devolved on him by force of the statute.

2. If a notary-public produces his register of protests, containing a memorandum of the demand, &c., and testifies that he is sure that the entry is correct, that he made it at the time and that it has not been altered, such evidence is admissible to prove the demand, although the notary had otherwise, no recollection of the fact.

3. If Saturday be the last day of grace, a demand of payment on Monday, is too late to charge the indorser. Subsequent acknowledgment and promises made under an ignorance of the fact of such neglect of demand, or of the law arising upon such neglect, are not obligatory.

4. The court refused to repeat the instructions given in O'Neale's Case.

5. If the defendant indorsed as surety as to any part of the amount of the note, he was entitled to strict notice. If he was jointly interested with the maker in the property for the protection of which the note was given, he was not entitled to notice.

Assumpsit [by Thornton, surviving commissioner, against Stoddert] upon an indorsement of a promissory note drawn by U. Forrest, for $16,407, due 4–7th of February, 1801, dated 6th of August, 1800. The writ issued 23d of April, 1803.

Mr. Jones, for plaintiff, offered Mr. Thomas Munroe, as a witness.

Mr. Morsell and Mr. C. Lee, objected: That all the rights of Thornton, and the other commissioners of the city of Washington, vested in Mr. Munroe, by the act of congress of May 1, 1802 (2 Stat. 181), under which he was appointed superintendent. He is bound for the costs, as much as an administrator. This cause is to be considered as if Mr. Munroe was the nominal plaintiff.

THE COURT stopped Mr. Jones, in reply, being of opinion that no interest was disclosed in Mr. Munroe. The only objection which could have been made would be the

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

technical objection that he was plaintiff, (if that had been the case.) But as he is not plaintiff, we can see no interest whatever that can exclude him from being a witness.

Samuel Hanson, a notary-public, being called, produced a book which he called a register of protests, in which was an entry of his having called on Forrest upon the 9th of February, for payment, and testified that he was sure that the entry was correct; that it was made at the time in his handwriting, and had not been altered; but he had otherwise no recollection of the fact.

THE COURT admitted his testimony as competent to prove the fact of the demand. Bill of exceptions taken.

THE COURT decided that as the 7th of February was the last day of grace, and the 8th was Sunday, payment of the note ought to have been demanded of Forrest on the 7th, and a demand on the 9th, was too late, all the parties living in the same town.

THE COURT also decided that any subsequent acknowledgments or promises made by the defendant under an ignorance of the fact of such neglect of demand or of the law arising upon such neglect, were not obligatory.

THE COURT also decided that, they would not reconsider now the questions of law, decided in the case of O'Neale now before the supreme court, and refused to give the like instructions as in that case.

THE COURT, (Monday, June 12th, DUCKETT, Circuit Judge, absent,) was of opinion, that if the defendant indorsed the note as surety for Forrest, as to any part of the amount of the note, he was entitled to strict notice as indorser, although he was interested separately in part of the note, and that the plaintiff could not recover unless he proved a demand on U. Forrest before the 9th of February.

But if the defendant was jointly interested with Forrest, in the property, to relieve which from forfeiture the note was given, then the defendant was not entitled to notice, being as much the principal debtor as U. Forrest.